The first case for argument this morning is 14-1777 Pragmatus v. Newegg. Mr. Wendley. Thank you, Your Honor, and may it please the Court. This appeal presents a straightforward question of law. When is a party, a prevailing party, entitled not to an award of fees, but to get in the door to seek fees? Existing federal circuit law unambiguously answers that question. A party who benefits from a dismissal with prejudice is a prevailing party. Dismissals without prejudice under Rule 41A1 are not judicially sanctioned changes of the relationship. But dismissals with prejudice under Rule 41A2 are. There are a lot of cases on this, and certainly a lot of them support your position, but this case seems to be a little different. Firstly, it was resolved via a settlement in this circumstance. No, Your Honor, it was not. There is no settlement here. There is absolutely no agreement between the parties. This was a unilateral surrender on the part of the plaintiff. Clearly tied to – I mean, they could not have proceeded on this case given that the Newegg has a license in another case, right? I think that's right, Your Honor. So outside events dictated the resolution here. Well, Your Honor, I think they certainly changed the dynamics of the case here. It's worth noting that when they sued us, they sued us even though we were using Oracle, a licensed provider, and the settlement exempts both the live person and MOXIE implementations, which they did enter into a settlement with live person and MOXIE, but also exempts the Oracle implementation, which they had brought a lawsuit on even though it was already licensed. But just focusing on the first two, I thought in looking at what was said in district court that everybody pretty much agreed that the cause of this dismissal was the settlement in the other litigation. Do you dispute that? No, Your Honor. I think we don't dispute that. And I think the only point I want to make is the dismissal that happened is a broader dismissal than just the dismissal of claims with respect to MOXIE and live person. It includes the dismissal of claims against us with respect to our Oracle implementation, which we'd had since 2011 and which they had filed suit on, notwithstanding the fact that they'd already gotten a license from Oracle, and it dismissed every other claim of any kind, known or unknown. There weren't any other claims asserted, were there? There were not, Your Honor. I don't know why you would read the dismissal as covering claims that weren't included within the complaint. Well, Your Honor, because the language of the dismissal, I think, is quite clear on this point. So if you look at A1093… How can a court order a dismissal with respect to claims that didn't exist? Your Honor, I think what the court canon did do is it ordered a dismissal with respect to any claims that it had accrued, any claims they could have brought. And it is pragmatists that wanted that, and they wanted it because they wanted… Could have brought? I'm sorry? Could have brought? I don't understand how a court can dismiss claims that could have been brought, weren't brought. Well, Your Honor, I think this is language that is pretty common as a general release in a contract or a settlement. That was not a contract. It is not, Your Honor. But the language that they chose here, I think, is pretty unambiguous in that respect. So it has two sentences to it. The first is that all claims brought by pragmatists that relate to live chat products or services provided to Newegg by Moxie Live Person and Oracle Corporation are dismissed with prejudice. That was the basis of the lawsuit. Then it goes on to say, all of pragmatists' claims against Newegg that accrued before the date of its motion are dismissed with prejudice. And I think the only way to read those two sentences in conjunction with each other is to say, we're getting rid of not only the claims we have been fighting over, we're buying peace across the board. I don't see how you can possibly read it that way. If it were a settlement agreement, maybe. But I don't see how the court can exercise authority over claims that weren't before. I understand that limitation, Your Honor. And I guess what I would say is that I think that pragmatists sought this language precisely because they wanted to eliminate any possibility of a threat of suit because they wanted to eliminate our counterclaims. And so what pragmatists was buying here by adding that broader language was, we're offering a promise that we're not going to sue you at all on other patent claims with respect to other products or other implementations that already existed. And by doing that, they managed to invoke SuperSec. They managed to basically cause the district court to dismiss our counterclaims for invalidity and non-infringement. Go ahead. No, please, Your Honor. Suppose this were a settlement. I mean, I suppose that if it were an unopposed motion to dismiss, they could have conditions, pretty much unlimited conditions with respect to any potential or actual disputes between parties. And that is, in fact, exactly what it is here. It is an unopposed motion to dismiss. No, I'm trying to put it in the sense that it's not a joint motion. Let's put it that way. That's correct. If it were a joint motion to dismiss with costs and fees to be borne by each party, if that is normally the case, then presumably that could be an enforceable judicial order that would bind the parties, even though the scope of the relief would be much broader than the particular dispute before the court, right? A settlement agreement, I think, certainly could, if it were entered into, yes. But in this case, it is an unopposed motion to dismiss that is broader than just the dispute between the parties. Let me ask you, on the question of settlements, suppose that what you had in this case, there was a claim, let's say, for a million dollars, and there's a settlement for $990,000, and then a voluntary dismissal. Without the usual, each party will bear its own costs. Is the defendant the prevailing party in that situation? I don't think so, Your Honor. And so one thing to note is that a— So the dismissal itself is not enough. A voluntary dismissal with prejudice is not enough to make the defendant a prevailing party. Your Honor, a settlement dismissal under Rule 41A1 is not. This was a settlement out of court, but a dismissal motion. All the court sees is a voluntary motion to dismiss with prejudice all the claims without any recitation of the amount of the settlement or without any conditions imposed on the party with respect to fees and costs. So we start by saying it's hard to imagine that anyone would ever enter into such a deal. All right, I'm good. My next question is going to be a settlement for $500,000. I understand. I don't know where you draw the line. No, I don't mean about the amount of money, Your Honor. What I intend to suggest is that it is universally the case that if the parties actually settle, they both submit it under Rule 41A1 not to, and they themselves resolve the question of whether or not fees are on them. In your experience, in the district court cases that I've been sitting on, I've already seen two in which there were voluntary dismissal orders entered where the parties did not actually resolve the question of fees and costs, and that was left to me. And I think, Your Honor, if the dismissal is pursuant to a settlement in which the parties have agreed to a payment that resolves the claims, then I think it's fair to say that you're not necessarily a prevailing party simply because that settlement led to a dismissal. Even if the settlement is for $10,000? I think that's right, Your Honor, because there's an agreement between the parties to resolve the controverted claims. There is no such agreement here. The plaintiff unilaterally dropped its claims against us. It is true, as Judge Post suggested, that it did so because it had gotten paid by the upstream supplier. Let me just say, I just want to get clarification for your response to Judge Bison. So you're saying that if there's a settlement between the parties, even though one party moves to dismiss the prejudice, then even if they paid them a dollar out of a claim for $20 million, you're agreeing that then the defendant would not be the prevailing party? Your Honor, let me sort of reiterate that I think this is a case that, frankly, never arises outside of the context of public interest litigation, but because when the parties settle... Take it from me. I will do that, Your Honor, and I find that quite interesting. I do think it is the case that if the parties agreed to a set of terms to resolve the dispute, you have a different situation than if one party unilaterally walks away. And the situation we have here is... But you're conceding then, if your answer to me is yes, you would answer Judge Bison's hypothetical, that even if they settle for a dollar out of $20 million, there's still no prevailing party in that circumstance. Then that leads us to saying, well, the district court, if there's something going on on the outside of this case that results, whether it's a settlement, whether it's what happened here in terms of the licenses to the third parties, that the district court goes beyond that and looks and evaluates the conduct outside that is how the party's well-being is satisfied outside of what's going on in this case, right? Your Honor, I think if the parties are involved in a settlement, even if that settlement doesn't show up in the record, it is relevant. If the parties are not involved in the settlement, and Newegg had nothing to do with the settlement here, it's not relevant to the question of whether we are a prevailing party. It may well be relevant on the merits of whether or not we should win fees, and I think the district court is entitled to consider that fact, but this court's case law is pretty clear that we lost nothing, that even if you thought that the reason we lost nothing is that Pragmatist, having decided voluntarily to sue both manufacturers, to seek money from both manufacturers and retailers, even though they knew they weren't entitled to collect at both levels, then dropped the suit against us, we've gotten a substantial benefit by having that suit dismissed and paying no money. What about rights in terms of our precedent? I'm sorry? Right. Isn't rights pretty close to this, where as a result of a unilateral action by the government outside the context of the litigation, the case was essentially mooted, and the district court wasn't a dismissal expressionist, but the district court did order the government to do what it said it was going to do. So there was a judicial order, but it was not the result of what happened in the litigation, and we held that the private party was not a prevailing party as a result. Why isn't that very similar? Well, I think the distinction is extremely useful here, because in that case, as in the settlement case, one of the parties has made a voluntary decision to change their behavior outside the course of litigation. That's a very different situation than we have here. How is it different? I mean, if you assume that something outside of the course of litigation, in other words, the settlement and the other case, caused this to happen, why isn't that similar to rights, where an event outside of the context of litigation led to the mooting of the case? Well, Your Honor, I think the difference is twofold. One is that the party in this case, NEWEG, has no participation. They're not involved in that. But second, I think it's worth remembering that the order here that dismisses with prejudice gives us things that a licensed defense wouldn't have. I think it first gives us the benefit of actually not having a suit filed against us, and there is a substantial difference in practice between having a defense you think will succeed and having a case actually dismissed. And second, it dismisses all the other possible things that they could have brought, other patents, other suits against other implementations. The U.S. Supreme Court has said that you are a prevailing party if you win even nominal damages. Even one dollar is sufficient to establish that you are a prevailing party. It may, of course, affect whether you're entitled to win your fees on remand. In this case, I think what we got as a result of this motion to dismiss is worth well more than a dollar, and all we ask is that the court open the door, as this court's law suggests we should do, to give us the ability to try to prove our entitlement to fees. If, in fact, the evidence of the settlements with third parties is evidence of their good faith, they are entitled to bring that evidence to the district court, but we're entitled to bring evidence of their nuisance value litigation strategy, of their deliberate effort to target people at both levels as evidence to support a fees claim. With court's permission, I'll reserve the remainder of my time. Thank you. Thank you. Good morning. May it please the court. What Newegg is really advocating here for is that any time there's a dismissal, it automatically conveys prevailing party status, and that runs counter to Buchanan, Akers, and Shum. Now, a lot of the discussions that happened right now were what I'll call... Well, the parties' legal relationship changed as a result of a dismissal with prejudice, right? No, it did not. What precipitated the change in the parties' legal relationships were those two licenses. That's the only thing that changed the parties' relationship. Yeah, but the parties' relationship did change. I don't see how it could have, Your Honor. They dismissed it with prejudice, right? Correct, because there were no other infringement reads other than those two that had become exhausted, and so dismissal with prejudice was appropriate because there were no other claims or infringement theories in the case at that time. What about the suggestion that there was an Oracle claim that wasn't resolved by the third-party settlement, so there was relief with respect to the Oracle claim? We didn't assert an infringement read against Oracle at all, because that was a license that happened before the litigation happened. We asserted it against Moxie and LivePerson. The Oracle software was not an issue in it. That's correct, Your Honor. And that's what I feel was a misrepresentation in the first part of this, is we were never accusing Oracle. No, I'm not going to accuse you of words like that. The initial claim, the alleged infringement, was it based on Oracle? It was based on the two that became licensed, which was LivePerson and Moxie. They make the assertion that there may have been Oracle screenshots in the infringement content, but you can't tell one way or the other from looking at that whether it's Oracle or not. It doesn't say Oracle, and I don't believe that's true. I believe that it's Moxie and LivePerson. What about if there's at least room for debate about that? Well, that wasn't litigated at the district court level. Now, you said, I think in response to the Chief Judge's question, that you didn't think that there was a change in the legal position of the parties vis-à-vis one another, but isn't that a grant of a dismissal with prejudice, which carries with it res judicata consequences that didn't exist prior to the actual entry of the order? Isn't that exactly the kind of thing that, for example, Buckhannon was talking about in talking about changes in the legal positions of the parties respectively to one another? The legal positions of the parties changed before the order ever came out. It was those two settled in agreement. The potential, the strength of a legal argument that Newegg could have made in your case certainly was enhanced. But the thing that had the effect, it seems to me, of changing the legal posture of the case, the legal position of the parties vis-à-vis one another, was the entry of a dismissal with prejudice. That has res judicata effects. That is a judge saying, I agree that the license had that effect. Until the judge says that, your legal position has not been changed in that material way. Would you agree with me in that respect? Put another way, that the dismissal with prejudice had legal effect. Well, there were two aspects to the dismissal. There was the dismissal without prejudice, which... I know, but the part we're talking about is the dismissal with prejudice. That's what really matters here. Right, but once there was an answer... It had legal effect, legal consequences, correct? The legal consequences of the case was no longer pending, but in terms of... And you couldn't bring that case anywhere else? On the patent infringement claims, correct. Right. And that was something the day before the entry of the dismissal was not true. You could have brought the claim. It wouldn't have been open to Newegg to argue res judicata. They could have argued the merits, but they wouldn't have had res judicata as an argument. Correct. They don't have res judicata as to any infringement that occurs after the date. I understand. I'm talking about the dismissals with prejudice, the portions of the order that dismiss with prejudice. All I'm getting... I'm trying to see if you're going to answer the question by saying yes, they have a res judicata defense they didn't have the day before the dismissal order was entered. That's true. And that that seems to be a change in their legal position. It is true that you could not bring those claims again. If you brought them again, there would be res judicata effective to those. But you will never be able to settle cases in co-pending actions, and you'll have to take them to trial. There was no avenue for pragmatists to do anything after a license occurs other than to withdraw its claims. And this is an unopposed motion to dismiss. It was the only avenue pragmatists had once claims become exhausted through substantial licenses beforehand. Well, suppose you had a case in which you had a strong position and you had a witness, a dynamite witness, and three days before trial, the witness dies. And then you say, well, there's no chance of our winning this case, and we dismiss with prejudice. Is the defendant not the prevailing party in that situation, or are they? The defendant would be the prevailing party in that situation. If there's a change in law, for example, you're arguing that you have a strong doctrine of equivalence case, and three days before trial, the Supreme Court says no more doctrine of equivalence, and you move to dismiss. Is that the case in which the defendants prevailed, in your view? That's a closer call. But since the law, it eviscerates the basis of your claim. And it doesn't moot your claim. It eviscerates the basis for your claim. Then I would say they were the prevailing party. But here it's different. The claims become mooted. Suppose the change in the law was a result of legislation. It stands in acres. Well, acres, that's a little bit, I think, different, because there you're changing the law. Here you are saying that that law, doctrine of equivalence, never existed, if I understand the hypothetical correctly. But in acres, it was clear that there was no change because of that intervening outside act, just as there was here. The law is, to be clear, are you saying that if the law gets changed as a result of legislation, that that's an extraneous thing, and the dismissal with prejudice, which is required by the consequences of the legislation, prevents prevailing party status? No, in that situation, there would be no prevailing party. Right. And to be clear on acres, you have to have a judgment that's tantamount to a judgment in favor on the merits of the original claim. Of course. The problem in acres, I gather, is that there was just a remand. There wasn't a, it was a remand for continuing litigation as opposed to a judgment, dispositive judgment in favor of the, in that case, the claimant. Right. When it's saying of the original claim, though, the claim changed here because of the exhaustion. So, when they refer to claims outside of the former employee's line of cases, where it's an administrative agency case brought in district court, and there was a remand, that is relief on the merits, if it's the result of the merits of the case. Pardon me, Your Honor? Under the former employee's line of cases, a remand is relief. Correct. Where it's an administrative agency proceeding that's brought to district court because it is the end of the district court proceeding if there is no retention of jurisdiction. Correct. So, the fact that it's a remand rather than a final judgment isn't a distinction of that line of cases because the remand is the final action by the district court in that context. Yes. But, again, you need something that's tantamount to a judgment on the merits. And what Newegg thought was non-infringement, invalidity, and there was no judgment in either of those respects with respect to the claims. There's only way... Wait, you're talking about the counterclaims. The counterclaims, yes, which were dismissed with prejudice, or without prejudice as part of it. Yeah, they're dismissed without prejudice. But also the defenses, there were defenses, affirmative defenses of non-infringement and invalidity that were withdrawn as part of this as well. I don't understand your point. The point is they didn't... Because they didn't prevail on their defenses. They didn't prevail on any defense, on any claim or defense, any counterclaim or defense. I mean, the same thing happened. Neither party won on infringement, neither party won on invalidity. No one prevailed on any claim or defense as part of this. Well, we're looking at the standard as whether there was a change in the legal relationship between the parties with respect to this litigation, and indeed there was, because there was a dismissal with prejudice of certain of the claims. Which flowed from the licenses, and the licenses are what actually changed the legal relationship of the parties. When those licenses were entered into, and those cases dismissed, pragmatists could no longer maintain this infringement action because that infringing activity had become licensed. So that is what changed the relationship to the parties. The dismissal merely confirmed that, reconfirmed that that was the effect of those licenses. Well, the licenses, what happened with respect to the licenses had no direct, no immediate and direct effect on the litigation. It was the party's dismiss, agreement movement to dismiss with prejudice that affected the litigation relationship between the parties, right? But there was no other avenue to go. Well, okay, I mean, yeah, okay, but the answer to my question is yes, the dismissal with prejudice affected the legal relationship between the parties with respect to this litigation. Well, in Acres they were clear that it has to be tantamount to a judgment. Is that a yes? No, because in Acres it said the judicial action could take the form of a consent decree. This was nothing like a consent decree, a judgment on the merits, or an award of fees. And as the district court said, I've made no rulings. The only finding that the district court made, the only ruling the district court made was that there were settlement agreements that led to exhaustion and those settlement agreements were substantial, non-token settlement licenses, and that's what changed the relationship of the parties. And that's why that court, the district court, never made a ruling, never had an obligation to do a judgment in favor of Newegg. Have the settlement amounts been token according to the district judge? Do you think the case should come out differently? It's a closer case. It's certainly a closer case. How would it have to come out? Well, you'd probably have to look to know. Well, you're just not allowed to say this is a close case. Right, right. In this one, the evidence, first, the evidence was that they weren't anywhere close. And to use Your Honor's hypothetical of 1 million versus 999,000, the only evidence, there's no evidence that it wasn't for the full amount of the exposure or half the amount of the exposure. But settlement is something that the court system always wants to promote. So when it's non-nominal, non-illusory for 50 cents or a dollar, I mean, the dividing line is difficult to discern. But as Mr. Lumley, I think, suggested in response to Judge Bison's questions, this wasn't a case where there was a settlement between the parties, right? Correct. Correct. Because it was with the two suppliers of the infringing instrumentality. Suppose you have the following situation. Suppose you have a tort case in a jurisdiction where there's a cap on the amount of recovery, let's say of $250,000 for a certain kind of injury, and there are two joint tort feasors that are being charged. There's a settlement with the first joint tort feasor for $250,000. I mean, the case is clear against that tort feasor. So the plaintiff goes after them, gets $250,000, and then just says, well, that's the cap, I'm not going to be able to get any more, and therefore dismisses against the second tort feasor, against whom the case was, let's say, arguably much weaker. Does that second tort feasor prevail in that situation? It's just a voluntary dismissal with prejudice. I would say no, because the... It didn't prevail. It did not prevail, because the other settlement brought them to the cap, so they couldn't, the second joint tort feasor, the plaintiff could not be awarded any more money on that. It didn't absolve the second joint feasor of liability. Well, it certainly did absolve them of liability, because they got a judgment of dismissal with prejudice. So there is no more liability in the picture for that second tort feasor. It's not going to happen, even if there's a reversal in the first case. It didn't chase... Well, there couldn't be a reversal in the first case, because it was a settlement, correct? Well, they could have challenged the settlement on the ground that there was some kind of fraud in the inducement or whatever. Okay. But in that situation, what changed the relationship of the parties and of the claim, what changed the nature of the claim against the second joint tort feasor was the other settlement agreement. Well, that's true, but why should the second defendant bear the burden, the costs, in a situation in which they have been completely exonerated? Well, they haven't been exonerated. The claim just can no longer continue due to an outside change. Which would be the case if there had been a Supreme Court decision saying that they can't be liable for whatever reason. Right. But it kind of depends on the circumstances. Your claim no longer went away. The underlying claim was not eviscerated. I mean, a change in the law could eviscerate the claim, but in the case of Pragmatus's claim against Newegg, whether there was infringement and what the damages were, didn't change. And that legal relationship for the parties didn't change. It was just the settlement agreement that no longer allowed for that to go forward based on the doctrine of exhaustion. So the nature of the claim didn't change. The claims were dismissed with prejudice. Right. But I think what Akers is saying is what changed the relationship of the parties? And this is something that changed the relationship of the parties before. What was the actual event that changed the relationship of the parties? And it was those settlement agreements. It wasn't the dismissal. The dismissal is a stamp confirming what the effect of the settlement agreements were, confirming what actually changed the relationship of the parties, which was the settlement agreements. And since there's 20 seconds left, unless there's any more time or we're past the time, unless the Your Honors, I'd like to make three quick points. First, they did sue the Oracle implementation, and this is clear in the record. They filed their complaint, that's A-1002, against both past and present implementations. The evidence is undisputed in the record that we used Oracle since 2011 before they filed the lawsuit, that's A-1160-61. And indeed, they knew that because when they signed the dismissal with prejudice, they included the dismissal with prejudice not only as to Moxie in live person, they also included it as to Oracle, that's A-1093. Now, what that means is that just as with Moxie in live person, there was a change in the relationship, except that the change in the relationship happened before they ever brought the suit. We had an exhaustion defense all along as to the Oracle implementation, but there's a difference between having a defense and still being forced to defend a lawsuit, and winning that defense by having the plaintiff go away. How is it that I know that the Oracle software is involved in this case? Because, Your Honor, at A-1160 and 61, the one and only piece of discovery they ever sought in this case, the verified interrogatory response indicates that we started as of 2011 using the Oracle implementation. What about in the complaint? The complaint at A-1002 alleges that we have in the past infringed and that we continue to the present day to infringe. That's as of 2012, more than a year after we adopted Oracle. Now, it's possible that they didn't know. So they didn't mention Oracle in the complaint? It's not specifically mentioned, no. They allege against our implementation, which was an Oracle implementation. So what they're saying is that the complaint didn't cover Oracle and you say it did? Your Honor, the complaint alleged that we were currently infringing. Isn't that a fair statement? I think it's a fair statement that they didn't know because they didn't bother to check whether the implementation that we had was one they had already licensed. And that's because their business model was directed at filing suit against retailers over 70 without regard to what they used and then trying to seek money from fees at two levels. Now, one final point, and that is on the acres point, this court's case law is extremely clear. Power MOSFET expressly holds the dismissal of a claim with prejudice is a judgment on the merits under the law of the Federal Circuit. Highway equipment holds that, quote, as a matter of patent law, the dismissal with prejudice granted pursuant to the district court's discretion under Rule 41A2 has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties. Can I ask a question? Sure. Here's what gives me some pause actually about that highway equipment case. There's one sentence, which I'm sure you're very conversant with, in highway equipment in which the court seems to step back from that general principle and says something to the effect, I don't remember the words exactly, something to the effect that the reason that the prevailing party finding is not because of the dismissal alone, but because of the covenant not to sue. You know the sentence. I do, Your Honor, and I think  Because it seems inconsistent with your general proposition, the broad consensus is that if you have a dismissal with prejudice, you are a prevailing party. You've qualified that by saying if there's a settlement, then underlay that, then you aren't a prevailing party. And I think, Your Honor, I would say two things. The first is that both Power Mosfet and Exigent v. Atrana do not involve such a covenant not to sue. In Power Mosfet, the plaintiff simply dismissed with prejudice because it decided they didn't have an infringement claim. It is true that that line exists, but I think you don't need to worry about it in this case because the general release that they provided is for all intents and purposes a covenant not to sue. They are not entitled to sue us on any claim that arose as of 2014. But that would be true even if all you had was a naked dismissal. You would still have rescue to cotta after all claims brought or that could have been brought. Therefore, I'm questioning, and I think I understand your argument with respect to Oracle, but I'm not sure that your dismissal order is any broader than you could have adequately, that you could have properly claimed it to be based on rescue to cotta alone. Is there a sense in which that order is broader than what you would have obtained from a pure we dismiss? I think it is, Your Honor, because I think rescue to cotta would not have included completely unrelated claims and the dismissal with prejudice. And you view that sentence in the order as saying all claims arising previously as being all claims, even court claims. I do, Your Honor, for the simple reason that I'm... You're laying down the President of Prague, Madison, in your new egg car that they couldn't bring that claim. Absolutely, Your Honor. And that's precise. There's no other way to read that sentence in the context of the prior sentence, which does cover the lawsuit. And I do think it's worth noting that this case was litigated below under the understanding this was a covenant not to sue. They never challenged that until this appeal. And SuperSAC, which is what they wanted, the ability to get rid of our counterclaims, requires a covenant not to sue. So everybody thought that this general release was operating as a covenant not to sue, and therefore that it's within the scope of highway equipment. If you look at highway equipment, I mean, you place so much reliance on it. If you look at 1034, when it's distinguishing rights, it says the present situation is different from the situation in rights in which voluntary action was taken outside the proceedings. Was not designed to be judicially enforceable and resulted in a dismissal without prejudice. And that is not this case, Your Honor. Thank you for reading retro, but it does seem to be that action taken outside the proceedings is a significant factor. Well, but, Your Honor, if you go on to the very next sentence, what the court says is that in contrast to rights, the voluntary filing of the covenant in this case was designed to be judicially enforceable and was the basis for the court's order dismissing the claims with prejudice. That is precisely the set of facts we have here. And it's what distinguishes rights. Thank you. Thank you, Your Honor. Thanks, Paul, on both sides and the case.